IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3013-BO

RAY CLARENCE ROGERS,           )
                               )
           Plaintiff,          )
                               )
     v.                        )           ORDER
                               )
D. WENK, E.K, EDWARDS,         )
N. BROTHERS, J. CRANFORD, and  )
J. HART,                       )
                               )
           Defendants.         )

The matter now is before the court on defendants' second motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 97) and motion for an extension of time to file a response to plaintiff's motion to strike affidavits and motion for an extension of time to file a reply to plaintiff's response to defendants' second motion for summary judgment (DE 119). The matter also is before the court on plaintiff's motion to reopen and/or modify the scheduling of discovery (DE 103), motion to compel discovery (DE 104), motion for recusal (DE 107), motion to strike affidavits (DE 110), motion for an extension of time to respond to defendants' second motion for summary judgment (DE 111), motion to stay (DE 129), and motion to strike defendants' response and reply (DE 130).

**BACKGROUND**

Ray Clarence Rogers ("plaintiff") filed this civil rights action, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff was a pretrial detainee when he filed this action. Plaintiff ultimately was allowed

to proceed with his claim that defendants D. Wenk ("Wenk"), E.K. Edwards ("Edwards"), Sheriff Edward McMahon ("McMahon"), N. Brothers ("Brothers"), J. Cranford ("Cranford"), J. Hart ("Hart") violated his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution arising out of the search of a vehicle in which he was a passenger, and his subsequent arrest. On May 26, 2022, defendants Wenk, McMahon, Hart, Edwards, Cranford, and Brothers moved for summary judgment. Although he was notified of defendants' motion, plaintiff did not respond.

On December 13, 2022, the court granted defendants' motion for summary judgment as to all defendants. Notably, the court dismissed plaintiff's claims against defendant McMahon, because plaintiff did not assert how McMahon was personally involved with the alleged conduct. Plaintiff next filed a motion for an extension of time to file a Rule 59(e) motion, a Rule 59(e) motion, two motions to file an amended Rule 59(e) motion, a motion requesting that a notice issue as to plaintiff's pro se status, and two motions requesting a status report. Plaintiff also filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, which ultimately was dismissed for failure to prosecute. See (DE 72, 105).

On March 30, 2023, the court granted plaintiff's motions to amend his Rule 59(e) motion. The court also granted plaintiff's Rule 59(e) motion as to his Fourth and Fourteenth Amendment claims against defendants Wenk, Edwards, Brothers, Cranford, and Hart, but denied the motion as to plaintiff's claims against defendant McMahon. The court, additionally, denied as moot plaintiff's motion for an extension of time to file a Rule 59(e) motion, denied plaintiff's motion requesting notice be issued regarding his pro se status, and denied as moot plaintiff's motion for a status report.

On May 31, 2023, defendants filed their second motion for summary judgment pursuant to Rule 56(a).

Plaintiff next filed a motion to reopen discovery or to modify the scheduling of discovery, motion to compel, and motion for recusal. Defendants responded to each of plaintiff's motions, except his motion for recusal. Plaintiff next filed a motion to strike defendants' affidavits and a motion for an extension of time to respond to defendants' second motion for summary judgment. Plaintiff ultimately responded to defendants' second motion for summary judgment, and defendants replied. On June 29, 2023, defendants requested an extension of time to respond to plaintiff's motion to strike affidavits and motion for an extension of time to file a reply to plaintiff's response to defendants' second motion for summary judgment. Defendants filed their response to plaintiff's motion to strike on August 7, 2023. On August 28, 2023, plaintiff filed a motion to stay. Plaintiff also filed a motion to strike defendants' reply to plaintiff's response in opposition to defendants' second motion for summary judgment and defendants' response in opposition to plaintiff's motion to strike.

**DISCUSSION**

A.  Motion for Recusal

Plaintiff filed a motion requesting that the instant judge recuse himself pursuant to 28 U.S.C. § 455(a), asserting that the court is biased and prejudicial toward plaintiff. Title 28 U.S.C. § 455(a) requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). Here, plaintiff makes blanket claims of bias and prejudice. Although plaintiff has expressed dissatisfaction

3

with rulings made by this court, plaintiff has presented no reasonable factual basis for doubting the undersigned's impartiality. Therefore, plaintiff's motion for recusal is DENIED.

B.  Motion to Reopen Discovery

Plaintiff requests that the court reopen the discovery period. To the extent plaintiff requests that the discovery period be reopened because defendants did not provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), his request lacks merit. Rule 26(a) sets forth required initial disclosures. However, because plaintiff filed this action *pro se*, the parties were not required to conduct a discovery scheduling conference and defendants did not have an obligation to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). See Fed. R. Civ. P. 26(a)(1)(B)(iv)("The following proceedings are exempt from initial disclosure: . . . an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision . . .").

Plaintiff also requests that discovery be reopened because the court reinstated this case on March 30, 2023 in light of new evidence. See (DE 90). Federal Rule of Civil Procedure 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); see also, Faulconer v. Centra Health, Inc., 808 F. App'x 148, 152 (4th Cir. 2020). For good cause shown, the court GRANTS plaintiff's motion to reopen the discovery period. Because the court has reopened the discovery period, the following motions are DENIED as MOOT: defendants' second motion for summary judgment; plaintiff's motion to compel; plaintiff's motion to strike affidavits; plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment; defendants' motion for an extension of time to file a response to plaintiff's motion to strike affidavits and motion for an extension of time to file a reply to plaintiff's response

4

to defendants' second motion for summary judgment; plaintiff's motion to strike defendants' response and reply; and plaintiff's motion to stay. Plaintiff is directed to make any discovery requests directly to defendants.

## CONCLUSION

In summary, plaintiff's motion for recusal (DE 107) is DENIED. However, plaintiff's motion to reopen discovery (DE 103) is GRANTED. The parties now have until January 15, 2024 to conduct discovery and dispositive motions now are due by February 15, 2024. The remaining motions (DE 97, 104, 110, 111, 119, 129, 130) are DENIED as MOOT.

SO ORDERED, this the 13 day of October, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge